**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**TANEISHA GERMAN and WYMAN T. BEY, individually and on behalf of their minor child W. B.,**

**Plaintiffs,**

**v.**

**HENRY COUNTY SCHOOL DISTRICT, BOBBY FERRELL, in his individual and official capacity; MELISSA THOMAS, in her individual and official capacity; MONICA GREEN, in her individual and official capacity; JAIME TURPIN, in her individual and official capacity; and CLARENCE CALLAWAY, in his individual and official capacity,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:25-CV-4657-MHC**

# ORDER

This case comes before the Court on a sua sponte review of Plaintiffs Taneisha German and Wyman T. Bey's Second Amended Complaint [Doc. 93].

# I. BACKGROUND

## A. Procedural Background

On January 20, 2026, this Court dismissed Plaintiffs' First Amended Complaint [Doc. 30] without prejudice as a shotgun pleading and granted Plaintiffs one chance to replead. Jan. 20, 2026, Order ("Jan. Order") [Doc. 87] at 19-22. On February 6, 2026, Plaintiffs filed a Second Amended Complaint [Doc. 93].[1] Although there are three pending Motions to Dismiss in this matter,[2] none argue that the Second Amended Complaint should be dismissed on shotgun pleading grounds; instead, they argue that the Second Amended Complaint should be dismissed based on lack of subject matter jurisdiction and failure to state a claim

---

[1] Plaintiffs' Motion to Amend seeks leave of the Court to file the Second Amended Complaint. However, the January Order already granted Plaintiffs leave to file a second amended complaint. Accordingly, the Motion to Amend is **DENIED AS MOOT**.

[2] Also before the Court are Plaintiffs' Motion for Leave to File Second Amended Complaint ("Mot. to Amend") [Doc. 88]; Motion for Authorization of Alternative Service as to Defendant Bobby Hill [Doc. 95]; Motion to Cure Service as to Defendant Clarence Calaway Jr. and for Extension of Time Under Rule 4(m) [Doc. 96]; Motion for Extension of Time to Perfect Service Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. 110]; Plaintiff's Amended Motion for Limited Early Discovery and Alternative Relief to Effect Service of Defendant Jamie Turpin [Doc. 114]; Plaintiff's Amended Motion for Extension of Time to Effect Service Pursuant to Federal Rule of Civil Procedure 4(m) as to Defendant Bobby Ferrell [Doc. 115]; and Motion to Restrict and Substitute Redacted Exhibit Pages [Doc. 118].

upon which relief may be granted. See generally Defendant Boddy Ferrell ("Ferrell")'s Renewed Motion to Dismiss and Incorporated Memorandum of Law in Support Thereof [Doc. 92]; Defendant Clarence Callaway ("Callaway")'s Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 101]; Defendant Henry County School District ("HCSD")'s Pre-Answer Motion to Dismiss [Doc. 102]; Defendant Melissa Thomas ("Thomas"), Jamie Turpin ("Turpin"), and Monica Green ("Green")'s Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 103]. However, upon careful review of the Second Amended Complaint, the Court finds that it is still a shotgun pleading and is subject to sua sponte dismissal on those grounds. See Arrington v. Green, 757 F. App'x 796, 798 (11th Cir. 2018) (upholding the district court's sua sponte dismissal of the plaintiff's complaint on shotgun pleading grounds after the plaintiff had a chance to replead); Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020) ("District courts have the inherent authority to dismiss a complaint on shotgun-pleading grounds.") (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).

### B. Factual Background

The Second Amended Complaint is disjointed and difficult to follow. It appears that this matter arises from various acts and omissions of the individual

named Defendants, who are affiliated with HCSD, where Plaintiffs' minor son, W.B., is a student. See generally Second Am. Compl. Plaintiffs allege that Ferrell, a special education teacher, engaged in inappropriate behavior towards students, including threats, stalking behavior, and demanding "sexualized TikTok 'wall dances,'" and giving W.B. a Sprite which made W.B. become drowsy and ill. Id. at 2-3. Plaintiffs allege that Ferrell was incarcerated from February 5 to February 23, 2025, but that HCSD did not notify Plaintiffs or implement a schedule change. Id. at 3. Plaintiffs allege that on February 24, 2025, Ferrell inappropriately touched W.B. and "slid his hands down [W.B.'s] back" and "touched the cleft of his buttocks." Id. at 2-3. Plaintiffs allege that Thomas, who appears to be the Principal at W.B.'s school, "misrepresented [Plaintiffs'] written statements." Id. at 4. Plaintiffs allege various incidents occurred where W.B. was bullied by another minor student referred to as D.J., but that D.J. received disparate treatment. See id. Plaintiffs allege that D.J. filed a Title IX complaint but that W.B.'s statement was omitted, and that HCSD employees released D.J.'s personal information which exposed W.B. to harassment. Id. at 4-5. Plaintiffs allege that following their "refusal to drop their due process complaint" the "school made ten unnecessary, punitive phone calls to Plaintiffs." Id. at 5. Plaintiffs allege that various "terroristic threats" were made towards W.B. by other students, and that Assistant

Principal Callaway "aligned himself with gang-affiliated perpetrators and minimized violent hate-based threats toward a black LGBTQ-perceived student." Id. at 5-6. Plaintiffs allege that retaliatory criminal charges were filed against W.B. in response to these incidents, and that there was HCSD administrative misconduct involving reporting around these incidents. Id. at 6.

Based on the foregoing, Plaintiffs assert the following claims:

1. Title IX sexual harassment, sexual assault, and deliberate indifference against HCSD (Count 1);

2. Title VI race discrimination and anti-LGBTQ+ harassment against HCSD (Count 2);

3. ADA Title II disability discrimination and denial of safe access to school against HCSD (Count 3);

4. Section 1983 Equal Protection Violations against all individual Defendants (Count 4);

5. Section 1983 substantive due process right to bodily integrity against Ferrell, Thomas, Green, Turpin, Callaway, and HCSD (Count 5);

6. Section 1983 Failure to Train and Supervise/Monell[3] Liability against HCSD (Count 6);

7. Section 1983 FERPA privacy violations against HCSD (Count 7);

8. Negligence against all Defendants (Count 8);

---

[3] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

9. Negligent supervision and retention against HCSD (Count 9);

10. Intentional infliction of emotion distress against all individual Defendants (Count 10);

11. Assault and battery against Ferrell (Count 11); and

12. Retaliation under Title IX, ADA, and Section 1983 against all Defendants (Count 12).

Second Am. Compl. § 7.

## II. DISCUSSION

The Eleventh Circuit has routinely found that a shotgun pleading is the antithesis of the type of pleading required by Federal Rules of Civil Procedure: a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2); see Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (noting that the Eleventh Circuit "has addressed the topic of shotgun pleadings on numerous occasions . . . , often at great length and always with great dismay."). Broadly speaking, there are four types of shotgun pleadings:

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the

> relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (citations and footnotes omitted).

The Second Amended Complaint demonstrates the hallmark characteristics of the second and fourth types of shotgun pleadings. First, the Second Amended Complaint is replete with conclusory facts not obviously connected to a specific cause of action. Plaintiffs' claims generally contain only conclusory facts, which leaves the Court and Defendants guessing as to which factual allegations Plaintiffs is relying upon to support each claim. For example, in Count 1, Plaintiffs allege that HCSD had actual notice of "grooming behavior, sexualized conduct, escalating boundary violations, stalking type behavior, and forced physical proximity by teacher Bobby Ferrell." Second Am. Compl. at 7. However, the fact section of the Second Amended Complaint contains numerous allegations to which Plaintiffs could be referring. See, e.g., id. at 2-3 (alleging, inter alia, that Ferrell followed W.B. around school, forced W.B. to take restroom trips, took W.B. to the teacher's lounge, demanded sexualized dances from W.B., gave W.B. a Sprite

which made W.B. drowsy and instructed W.B. to lay down, and touched W.B.'s back and buttocks). This same pattern of vague, conclusory allegations supporting each Count continues throughout the Second Amended Complaint. See id. at 7-14. Second, of Plaintiffs' twelve (12) claims, five (5) are brought against all Defendants but do not specify the alleged individual acts or omissions of each particular Defendant.[4] See, e.g., id. at 12 (alleging that all Defendants owed Plaintiff a duty of reasonable care and that all breached this duty), 13 (alleging that all Defendants engaged in extreme and outrageous conduct).

In sum, "Defendants are often left to guess which of them did what in the [Plaintiffs'] eyes—which is the unifying characteristic of all shotgun pleadings." McDonough v. City of Homestead, Fla., No. 22-12637, 2023 WL 3035215, at *2 (11th Cir. Apr. 21, 2023) (internal quotation omitted). Indeed, the Amended Complaint is the type of shotgun complaint that "require[s] the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'" Innocent v. Wachovia Mortg. Corp., No. 1:10-CV-03799-

---

[4] Although Plaintiffs purport to assert Count 5 against Ferrell, Thomas, Green, Turpin, Callaway, and HCSD, those are all of the Defendants in this action.

RWS, 2012 WL 602129, at *1 (N.D. Ga. Feb. 22, 2012) (quoting PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)).

Because Plaintiffs have failed to address the shortcomings noted in the January Order, this case is **DISMISSED**. See Vibe Micro, 878 F.3d at 1295 ("This initial [shotgun] repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should . . . dismiss his case . . . .") (internal citation and quotation omitted). Defendants' pending Motions to Dismiss, and the other pending Motions in this action which relate to service, discovery, and sealing documents, are **DENIED AS MOOT**.

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs Taneisha German and Wyman T. Bey's Second Amended Complaint [Doc. 93] is **DISMISSED**.

It is further **ORDERED** that the following are **DENIED AS MOOT**:

- Defendant Boddy Ferrell's Renewed Motion to Dismiss [Doc. 92];
- Defendant Clarence Callaway's Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 101];
- Defendant Henry County School District's Pre-Answer Motion to Dismiss [Doc. 102];

- Defendants Melissa Thomas, Jamie Turpin, and Monica Green's Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 103];

- Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. 88];

- Plaintiffs' Motion for Authorization of Alternative Service as to Defendant Bobby Hill [Doc. 95];

- Plaintiffs' Motion to Cure Service as to Defendant Clarence Calaway Jr. and for Extension of Time Under Rule 4(m) [Doc. 96];

- Plaintiffs' Motion for Extension of Time to Perfect Service Pursuant to Federal Rule of Civil Procedure 4(m) [Doc. 110];

- Plaintiff's Amended Motion for Limited Early Discovery and Alternative Relief to Effect Service of Defendant Jamie Turpin [Doc. 114];

- Plaintiff's Amended Motion for Extension of Time to Effect Service Pursuant to Federal Rule of Civil Procedure 4(m) as to Defendant Bobby Ferrell [Doc. 115]; and

- Plaintiffs' Motion to Restrict and Substitute Redacted Exhibit Pages [Doc. 118].

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 25th day of March, 2026.

Mark H. Cohen

MARK H. COHEN
United States District Judge