FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAR 27 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANEISHA GERMAN and WYMAN T. BEY,
Individually and on behalf of their minor child, W.B.,

Plaintiffs,

v. Civil Action No. 1:25-cv-04657-MHC

HENRY COUNTY SCHOOL DISTRICT;
BOBBY FERRELL;
MELISSA THOMAS;
MONICA GREEN;
JAIME TURPIN;
CLARENCE CALLAWAY, JR.,

Defendants.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF RULE 59 MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiffs, proceeding pro se, respectfully submit this Supplemental Memorandum in support of their Rule 59 Motion and request for leave to file a Third Amended Complaint.

The proposed Third Amended Complaint cures the deficiencies previously identified by the Court and demonstrates that amendment would not be futile.

First, Plaintiffs have corrected any prior pleading deficiencies by presenting a clear, organized, and non-shotgun complaint. Each cause of action is separated into distinct counts, and each count incorporates only the factual allegations relevant to that claim. The proposed pleading identifies the specific Defendant(s) responsible for each claim and provides sufficient factual detail to give fair notice of the claims asserted.

Second, the proposed amendment includes detailed factual allegations establishing Defendants' actual knowledge of risk prior to the February 24, 2025 sexual assault. The Complaint alleges that Defendants were aware of Defendant Ferrell's prior misconduct, as well as specific reports made in January 2025 and on February 5, 2025, including requests for immediate intervention

and a schedule change. Despite this knowledge, Defendants failed to act, plausibly establishing deliberate indifference under Title IX.

Third, Plaintiffs have clarified and strengthened their constitutional claims. The Complaint now expressly alleges that Defendant Ferrell, while acting under color of state law, used his authority as a teacher to isolate and sexually assault W.B., thereby violating W.B.'s clearly established constitutional right to bodily integrity. The Complaint further alleges that other individual Defendants had actual knowledge of escalating risks and failed to take protective action, supporting claims for substantive due process and failure to protect.

Fourth, the proposed amendment provides specific factual allegations supporting Plaintiffs' Equal Protection and retaliation claims. Plaintiffs identify similarly situated students within the same peer and IEP group who were treated more favorably, including instances of intra-racial discrimination. Plaintiffs also allege that, after reporting misconduct, the District initiated a Title IX complaint against W.B. within approximately 24 hours without a fair investigation, which was later withdrawn, supporting an inference of retaliatory intent.

Fifth, the Complaint includes detailed allegations regarding Defendant Callaway's prior knowledge of W.B.'s vulnerability. The Complaint alleges that Defendant Callaway attended an August 11, 2025 IEP meeting where concerns about W.B.'s vulnerability, prior bullying, and targeting based on perceived sexual orientation were discussed, including statements from W.B.'s teacher. Despite this knowledge, Defendants failed to act on subsequent threats, supporting Plaintiffs' claims for deliberate indifference and failure to protect.

Sixth, Plaintiffs have addressed sovereign immunity concerns with respect to their state-law claims. The proposed Complaint alleges that Defendant Henry County School District maintains liability insurance, including coverage issued through Liberty Mutual Fire Insurance Company, which operates as a waiver of sovereign immunity to the extent of such coverage. Plaintiffs also allege violations of mandatory ministerial duties, including required reporting and notification obligations, which are not protected by sovereign immunity.

Finally, the proposed Third Amended Complaint includes additional factual detail regarding threats made against W.B., Defendants' failure to notify Plaintiffs or law enforcement, and retaliatory disciplinary actions taken thereafter. These allegations further support Plaintiffs' claims and demonstrate a pattern of deliberate indifference and retaliation.

Because the proposed Third Amended Complaint presents a clear, plausible, and legally sufficient set of claims, amendment would not be futile. In the interest of justice and resolution on the merits, Plaintiffs respectfully request that the Court grant their Rule 59 Motion, reopen this case, and permit the filing of the Third Amended Complaint.

Respectfully submitted,

/s/ Taneisha German
Taneisha German, Pro Se

/s/ Wyman T. Bey
Wyman T. Bey, Pro Se

Locust Grove, Georgia