EXHIBIT A
PROPOSED THIRD AMENDED COMPLAINT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANEISHA GERMAN and WYMAN T. BEY,
Individually and on behalf of their minor child, W.B.,

Plaintiffs,

v. Civil Action No. 1:25-cv-04657-MHC

HENRY COUNTY SCHOOL DISTRICT;
BOBBY FERRELL;
MELISSA THOMAS;
MONICA GREEN;
JAIME TURPIN;
CLARENCE CALLAWAY, JR.,

Defendants.

THIRD AMENDED COMPLAINT

I. NATURE OF THE ACTION

1. This is a civil-rights action arising from Defendants' deliberate indifference to sexual misconduct, discrimination, retaliation, and failure to protect a minor student with a disability from known and escalating harm within a public school system.

II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs assert claims under Title IX, 20 U.S.C. § 1681, 42 U.S.C. § 1983, and Georgia state law.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Henry County, Georgia.

## III. PARTIES

6. Plaintiff Taneisha German is the mother and legal guardian of W.B.

7. Plaintiff Wyman T. Bey is the father and legal guardian of W.B.

8. Plaintiff W.B. is a minor student with a disability who receives special education services pursuant to an Individualized Education Program (IEP).

9. Defendant Henry County School District ("District") is a public school system receiving federal funding and subject to Title IX.

10. Defendant Bobby Ferrell was a teacher employed by the District.

11. Defendant Melissa Thomas was a principal employed by the District.

12. Defendant Monica Green was a counselor employed by the District.

13. Defendant Jaime Turpin was an assistant principal employed by the District.

14. Defendant Clarence Callaway, Jr. was an assistant principal employed by the District.

15. All individual Defendants acted under color of state law at all relevant times.

16. Individual Defendants are sued in their individual capacities. Title IX claims are asserted against the District only.

## IV. FACTUAL ALLEGATIONS

### A. Prior Knowledge of Risk

17. Prior to February 2025, Defendant Ferrell had a documented history of misconduct, including inappropriate behavior toward students, boundary violations, and unprofessional conduct.

18. The District knew or should have known of these risks and failed to take corrective action.

19. Ferrell's misconduct history was known or readily available to District administrators.

20. Ferrell was a special education co-teacher who made inappropriate statements, including referring to himself as "special needs" and labeling students as "disabled like him."

21. Upon information and belief, Ferrell was on a Final Professional Development Plan at the time of his return from incarceration.

22. The District failed to notify parents that Ferrell had been incarcerated.

23. The District failed to report suspected abuse to DFCS or law enforcement as required by mandatory reporting laws.

B. January and February 5, 2025 Reports

24. As early as January 2025, W.B. reported to Defendant Turpin that Ferrell was following him throughout the school day beyond assigned classes.

25. W.B. reported that Ferrell escorted him to the nurse and other areas despite no IEP requirement.

26. W.B. reported that Ferrell took him to restricted areas, including the teachers' lounge, to obtain snacks even when W.B. declined.

27. W.B. reported that Ferrell exercised controlling behavior, including stating, "wherever you are, I am, and wherever I am, you are."

28. W.B. reported that Ferrell forced him to go to the restroom against his will despite requests to stop.

29. Upon information and belief, Ferrell had a known pattern of forcing male students to the restroom against their will, as reported by a co-teacher.

30. Defendant Turpin acknowledged these reports and informed Plaintiff Taneisha German that she reported Ferrell's conduct to Human Resources and that Ferrell received a warning.

31. On February 5, 2025, W.B. and his mother reported sexualized conduct, including Ferrell's repeated requests that W.B. perform a sexually suggestive "wall TikTok dance."

32. Plaintiffs requested an immediate schedule change.

33. Defendants Turpin and Green acknowledged the report and promised to implement the schedule change immediately.

34. Despite this, no schedule change was implemented at that time.

35. The schedule change was not implemented until after Ferrell's arrest, release, winter break, and the February 24, 2025 assault, resulting in an approximate twenty-day delay.

36. Defendants' failure to act allowed W.B. to remain exposed to Ferrell and directly led to the assault.

C. February 24, 2025 Sexual Assault and Misrepresentation

37. On February 24, 2025, District personnel were present in the classroom conducting a final Professional Development Plan evaluation of Defendant Ferrell.

38. Despite prior knowledge of the risks associated with Ferrell and Plaintiffs' request for removal of W.B. from his classroom, Defendants did not remove W.B. from the classroom.

39. District personnel exited the classroom at approximately 10:25 a.m.

40. W.B. reported that the assault occurred shortly thereafter, prior to lunch, which was scheduled at approximately 10:50 a.m.

41. On February 24, 2025, Defendant Ferrell sexually assaulted W.B. by sliding his hand down W.B.'s back and touching the cleft of his buttocks.

42. Following the assault, Defendant Ferrell attempted to persuade W.B. to return alone to his classroom.

42A. At all relevant times, Defendant Ferrell was acting under color of state law in his capacity as a public school teacher and exercised authority over W.B. within the classroom. Defendant Ferrell used that authority to isolate and exert control over W.B. and committed the sexual assault described herein, thereby violating W.B.'s clearly established constitutional right to bodily integrity.

43. W.B. provided a written statement describing the incident.

44. Defendant Melissa Thomas misrepresented the contents of W.B.'s statement by asserting that it did not include allegations of physical touching.

45. That representation was false.

46. Records obtained through open-records requests confirm that W.B.'s statement did include inappropriate touching.

47. Defendant Thomas's misrepresentation interfered with proper investigation, reporting, and response.

48. As a result, appropriate protective measures were not implemented.

D. Retaliation and Disparate Treatment

49. After Plaintiffs reported the misconduct, Defendants initiated a pattern of retaliation.

50. Defendant Monica Green instructed staff and students to document even minor behavior by W.B.

51. W.B. was subjected to excessive disciplinary scrutiny and repeated reports.

52. Battery charges were brought against W.B. despite evidence that another student, D.J., was the aggressor.

53. W.B. had been subjected to ongoing bullying by D.J. for approximately two years.

54. Witnesses reported that the bullying occurred regularly.

55. Despite both students having IEPs and being within the same peer group, W.B. was punished more harshly, including ten days of In-School Suspension, while D.J. received no comparable discipline.

56. W.B. is an African American student with a disability who receives special education services pursuant to an Individualized Education Program (IEP).

57. W.B. was also targeted based on perceived sexual orientation.

58. W.B. was subjected to disparate treatment within his peer group, including intra-racial discrimination, as similarly situated students, including Student K and D.J., were treated more favorably under comparable circumstances despite being within the same racial and IEP peer group.

59. After Plaintiffs reported the misconduct involving Defendant Ferrell, the District initiated a Title IX complaint against W.B. within approximately 24 hours, designating him as a respondent without conducting a fair or adequate investigation. The complaint was processed on an expedited basis despite Plaintiff Taneisha German's immediate request for review and objection. Subsequent evidence demonstrated that the allegations against W.B. were unfounded, and the complaint was later withdrawn by the District.

E. Luella Middle School – Prior Knowledge and Threats

60. On August 11, 2025, an Individualized Education Program (IEP) meeting was held for W.B., which was attended by Defendant Callaway and other District personnel.

61. During that meeting, participants discussed prior concerns involving W.B., including statements made by W.B.'s teacher, Mr. Mumah, who had contacted Plaintiff Taneisha German and stated that the way W.B. walked was "quite concerning" and a distraction in the classroom.

62. The IEP team also discussed that W.B. had recently been subjected to bullying, including an August 1, 2025 incident in which students directed slurs toward W.B. based on perceived sexual orientation.

63. W.B.'s transfer to Luella Middle School occurred in the context of these concerns and prior incidents, including trauma experienced at Locust Grove Middle School and continued bullying at Luella.

64. Defendant Callaway's presence at the August 11, 2025 IEP meeting provided him with actual knowledge of W.B.'s vulnerability and the risk of continued targeting by other students.

65. On or about August 18, 2025, a student identified as Z.H. threatened W.B. by stating he would "Swiss cheese" him "on gang."

66. On or about August 22, 2025, another student, E.T., threatened to "beat the gay out of" W.B. and shoot him.

67. These threats occurred in a group setting in the presence of staff.

68. Defendants failed to notify Plaintiffs of these threats despite IEP requirements and mandatory safety obligations.

69. Defendants failed to report the threats to law enforcement.

70. Plaintiffs reported the threats themselves, after which law enforcement substantiated the threats and pursued charges.

71. Defendant Callaway minimized the threats and referenced gang-related activity.

72. Despite actual knowledge of risk, Defendants failed to take protective action.

F. Retaliatory Conduct After Threat Reports

73. On or about August 28, 2025, Defendant Callaway initiated a disciplinary report against W.B. for a minor interaction.

74. The interaction was consensual and non-disciplinary in nature.

75. Despite this, Defendants escalated the incident, demonstrating retaliatory intent.

G. Harm

76. As a result of Defendants' conduct, W.B. suffered severe emotional distress, including anxiety, fear for personal safety, and disruption of educational access.

77. W.B. was removed from school due to ongoing safety concerns.

V. CAUSES OF ACTION

COUNT I – TITLE IX
(Against Henry County School District)

78. Plaintiffs incorporate paragraphs 17 through 48.

79. The sexual harassment, including the assault by Defendant Ferrell, was severe, pervasive, and objectively offensive.

80. The District had actual knowledge of sexual harassment and risk of sexual misconduct by Ferrell.

81. The District exercised substantial control over Ferrell and the school environment.

82. The District responded with deliberate indifference by failing to take prompt and effective corrective action.

83. As a result, W.B. was deprived of access to educational opportunities and benefits.

COUNT II – EQUAL PROTECTION, 42 U.S.C. § 1983
(Against Melissa Thomas, Monica Green, Jaime Turpin, and Clarence Callaway, Jr., in their individual capacities)

84. Plaintiffs incorporate paragraphs 49 through 58.

85. Defendants treated W.B. differently from similarly situated students based on race, disability, and perceived sexual orientation.

86. This disparate treatment lacked a rational basis and was motivated by discriminatory intent or deliberate indifference.

87. Defendants thereby violated W.B.'s rights under the Equal Protection Clause.

COUNT III – SUBSTANTIVE DUE PROCESS, 42 U.S.C. § 1983
(Against Melissa Thomas, Monica Green, Jaime Turpin, and Clarence Callaway, Jr., in their individual capacities)

88. Plaintiffs incorporate paragraphs 41, 42A, and 60 through 72.

89. Defendants were aware of specific and serious risks to W.B. and failed to act.

90. By failing to respond to known dangers, Defendants increased the risk of harm to W.B. and allowed the violation of his clearly established right to bodily integrity.

91. Defendants' conduct was deliberately indifferent and shocks the conscience.

COUNT IV – MONELL LIABILITY, 42 U.S.C. § 1983
(Against Henry County School District)

92. Plaintiffs incorporate paragraphs 17 through 23 and 60 through 70.

93. The District maintained customs, policies, or practices of failing to protect students from known harm and failing to properly respond to reports of abuse and threats.

94. The District failed to train and supervise employees regarding mandatory reporting and student safety obligations.

95. These failures were the moving force behind the constitutional violations.

COUNT V – FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983
(Against Monica Green, Jaime Turpin, Melissa Thomas, and Clarence Callaway, Jr., in their individual capacities)

96. Plaintiffs incorporate paragraphs 49 through 52 and 73 through 75.

97. Plaintiffs engaged in protected activity by reporting misconduct and seeking relief.

98. Defendants took adverse action against W.B. in response.

99. The adverse actions were substantially motivated by Plaintiffs' protected activity.

COUNT VI – NEGLIGENCE
(State Law, Against Henry County School District)

100. Plaintiffs incorporate paragraphs 17 through 23 and 41 through 42.

101. The District owed W.B. mandatory ministerial duties, including duties to report suspected abuse, notify parents of threats, and protect students.

102. These duties required adherence to specific policies and procedures and were not discretionary.

103. The District breached these duties by failing to act on known risks and failing to comply with mandatory reporting and safety obligations.

104. Upon information and belief, Defendant Henry County School District maintains liability insurance, including coverage issued through Liberty Mutual Fire Insurance Company, which provides coverage for claims arising from bodily injury and school operations, thereby waiving sovereign immunity to the extent of such coverage for the conduct alleged herein.

105. As a direct and proximate result of these breaches, Plaintiffs suffered damages.

COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(State Law, Against applicable individual Defendants)

106. Plaintiffs incorporate paragraphs 41, 42A, and 60 through 72.

107. Defendants engaged in extreme and outrageous conduct.

108. Defendants acted intentionally or with reckless disregard of the likelihood of causing emotional distress.

109. Plaintiffs suffered severe emotional distress.

COUNT VIII – ASSAULT AND BATTERY
(State Law, Against Bobby Ferrell)

110. Plaintiffs incorporate paragraphs 41 and 42A.

111. Defendant Ferrell intentionally made harmful and offensive contact with W.B. without consent while acting under color of state law and exercising authority over him.

VI. JURY DEMAND

112. Plaintiffs demand a jury trial on all issues so triable.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment in favor of Plaintiffs;
2. Award compensatory damages;
3. Award punitive damages where permitted by law;
4. Award costs and fees; including attorney fees if later obtained.
5. Grant injunctive and declaratory relief;
6. Grant such other relief as the Court deems just and proper.

Respectfully submitted,