**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TANEISHA GERMAN AND WYMAN T. BEY, Individually and on behalf of their minor child, W.B.,** | ) | |
| **Plaintiffs,** | ) | **Civil Action File No.: 1:25-cv-04657-MHC** |
| **v.** | ) | |
| **HENRY COUNTY SCHOOLS, et al.** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)**

**COME NOW,** HENRY COUNTY SCHOOL DISTRICT, MELISSA THOMAS, MONICA GREEN, JAMIE TURPIN, and CLARENCE CALLAWAY ("Defendants herein") and file their Brief in opposition to Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Doc. 132). Plaintiffs have failed to meet the demanding standard required for such extraordinary relief, and the motion should be denied.

## I. RULE 59(e) PROVIDES AN EXTRAORDINARY REMEDY

A Rule 59(e) motion may be granted only to account for newly discovered evidence, recent case law, to correct manifest errors of law or fact, or to prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). It is not a vehicle to relitigate issues, present arguments that could have been raised earlier, or

obtain a second bite at the apple. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985); *Lockard v. Equifax, Inc.,* 163 F.3d 1259, 1267 (11th Cir.1998); *see also Collins v. Int'l Longshoremen's Ass'n Local 1423,* No. 2:09–CV–093, 2013 WL 393096, at *1 (S.D.Ga. Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)) In their motion, Plaintiffs identify no new evidence, no intervening change in law, and no clear legal error/manifest injustice in the Court's Order.

**II. COURT ACTED WITHIN ITS DISCRETION**

The Court dismissed Plaintiffs' Second Amended Complaint after finding that it remained an impermissible shotgun pleading and failed to cure deficiencies previously identified. (Doc. 130). Plaintiffs were given multiple opportunities and explicit instructions on how to properly plead their claims, yet failed to comply.

**III. PLAINTIFFS' ASSERTED ABILITY TO AMEND DOES NOT WARRANT RELIEF**

Plaintiffs' assertion that they now understand the Court's concerns regarding the federal court's pleading requirements does not justify reopening the judgment. Rule 59(e) does not permit reopening a closed case based solely on a party's belated claim that they can now plead its case differently. The moving party bears the burden of establishing that manifest injustice would result. *Matter of Georgia Steel, Inc.*,

71 B.R. 903, 905 (1987). The manifest injustice requires a showing of clear and obvious error where the interests of justice demand correction *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F.Supp.3d 1376, 1380 (2015)(a motion for reconsideration under Fed.R.Civ.P. 59(e) is an extreme measure, and substantial discretion rests with the court in granting such a motion). There is no such error here, Equally important, Plaintiffs have failed to identify any clear and obvious error in the District Court's judgment and, hence, they have not satisfied their burden.

As such, there is no basis under Fed.R.Civ.P. 59(e) to amend the District Court's judgment, given that Plaintiffs' repeated failures to comply with the federal pleading standards and the District Court's order. Finally, the Defendants are entitled to finality, and judicial economy strongly favors denying the motion.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend Judgment should be denied.

Respectfully submitted, this 7th day of April 2026.

**PEREIRA, KIRBY,**
**KINSINGER & NGUYEN, LLP**

*/s/Randall Farmer*
Randall C. Farmer
Ga. Bar No. 255345
*Attorney for Defendants*

690 Longleaf Drive
Lawrenceville, GA 30046
(770) 963-1997 - Telephone
(770) 822-2913 – Facsimile
rfarmer@pkknlaw.com

**CERTIFICATION**

Counsel certifies pursuant to Local Rule 7.1(D) that this document has been prepared in Times New Roman 14-point font with margins of one (1) inch.

**PEREIRA, KIRBY,**
**KINSINGER & NGUYEN, LLP**

*/s/Randall Farmer*
Randall C. Farmer
Ga. Bar No. 255345
*Attorney for Defendants*

690 Longleaf Drive
Lawrenceville, GA 30046
(770) 963-1997 - Telephone
(770) 822-2913 - Facsimile
rfarmer@pkknlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to counsel of record who are CM/ECF participants, and also emailed a copy to the pro se Plaintiffs at the following email address because no mailing address for Plaintiffs appears on the docket:

Taneisha German - sntknight@yahoo.com
Wyman T. Bey - wymanbey81@gmail.com
*Pro Se Plaintiffs*

This 7th day of April 2026.

**PEREIRA, KIRBY,**
**KINSINGER & NGUYEN, LLP**

*/s/Randall Farmer*
Randall C. Farmer
Ga. Bar No. 255345
*Attorney for Defendants*

690 Longleaf Drive
Lawrenceville, GA 30046
(770) 963-1997 - Telephone
(770) 822-2913 - Facsimile
rfarmer@pkknlaw.com